LAURETTE RUBINSTEIN, Plaintiff, *v.* SERGE RUBINSTEIN, Defendant.

Supreme Court, Special Term, New York County, January 20, 1948.

*George P. Halperin, Karl Propper, Edwin B. Wolchok* and *William A. Pfister* for defendant.

*Harold J. Longhran* for plaintiff.

O'BRIEN, J. Motion to vacate order of sequestration is granted. Sequestration is a provisional remedy and it is well established that to be entitled thereto it is indispensably essential that it be shown by the applicant that a meritorious cause of action exists.

In the instant case the proof before the court indicates that the likelihood of plaintiff's success in the action is highly problematical and remote. The action is for a separation on the sole ground of cruelty. The documentary evidence submitted by the defendant, and to which plaintiff offers no explanation, fully negates her claim of cruelty, and establishes, at least prima facie, the lack of integrity of her cause of action. No other inference can be drawn than that the cause of action is destitute of merit. In any event, the record presented entitles the defendant, in the opinion of this court, to a vacatur of the order of sequestration.

It is, also, the opinion of the court that, upon the factual situation, section 1171-a of the Civil Practice Act was and is inappli-

cable. The defendant is a domiciliary of this State and that fact is of itself adequate to bring him within the jurisdiction of this court for the purpose of a personal judgment against him, as well as in rem, even though he be temporarily absent from the State, voluntarily or involuntarily (*Milliken* v. *Meyer*, 311 U. S. 457).

It further appears that the defendant has not abandoned the plaintiff or the children and that he has not absconded and that he has at all times supported his family and there is no basis for any assumption that he does not intend to fulfill and discharge his duty and obligation to support. He has appeared generally in the action and answered though served without the State and defendant has given every indication of rendering himself amenable to the process and mandates of this court. The insinuation that he contemplates disposal of his property and intends to evade the process and mandates of this court is insinuation only, not evidence. The defendant's conduct indicates the converse.

The affidavit upon which the order of sequestration was procured, ex parte, does not present a valid basis for such an order. Sequestration is a highly drastic remedy and is to be allowed only where the applicant makes out a case bringing herself clearly within the requirements of the statute and the application must rest on facts of an evidentiary character and not on insinuation, conjecture and conclusion as here. Sequestration is, in effect, an attachment and an attachment will be vacated and set aside where no basis in fact or in point of law for its issuance exists either as to cause of action or provisional remedy.

While the court will, in a proper case, unhesitatingly grant an order of sequestration to protect the wife, it will as well unhesitatingly refuse it or vacate one which has issued when it appears or is demonstrated to the satisfaction of the court that no factual or legal basis exists for its issuance.

The statute has its value when properly employed; it loses its value when the remedy is abused or is utilized as an instrument of oppression. Implicit in the right to invoke the statute is a concomitant requirement that the remedy which it permits is sought in good faith and that the issuance of the order is warranted and required upon the record present. It is not in this case.

Motion granted as prayed for. Settle order.